### SECURITY INS. CO. OF NEW HAVEN, CONN., v. EMPLOYERS LIABILITY ASSUR. CORPORATION, Limited.

#### No. 17158.

Court of Appeal of Louisiana. Orleans.

May 22, 1939.

Rehearing Denied June 12, 1939.

Brainard S. Montgomery, of New Orleans, for appellant.

De Lesseps S. Morrison, of New Orleans, for appellee.

McCALEB, Judge.

On June 22, 1938, at about 5:15 p. m., an automobile accident occurred at the intersection of Foucher and Coliseum Streets in the City of New Orleans. The cars involved were a Ford Sedan driven by a Mrs. Harry D. Harris and a two and a half ton truck belonging to Film Delivery Service, Inc. As a result of the impact, the Harris car was damaged. This automobile was insured by the plaintiff, Security Insurance Company of New Haven, Connecticut, against damage to it as the result of a collision and the policy contained a $50 deductible clause. After the accident, Mrs. Harris had her car repaired at a cost of $243.68. In accordance with its contract, the plaintiff insurance company paid Mrs. Harris $193.68 and she executed a subrogation in its favor, transferring to it all of her rights or causes of action against the Film Delivery Service, Inc., to the extent of the amount of the payment.

The truck owned by Film Delivery Service, Inc., was insured by the defendant, Employers Liability Assurance Corporation, Ltd. The plaintiff insurance company has filed this suit against the defendant insurer of the truck to recover the sum of $193.68 under its subrogation from Mrs. Harris, alleging that the accident was caused solely through the fault and negligence of one Vilcan, the driver of the truck.

The defendant admits the happening of the accident but denies any liability in the premises. It asserts that the collision was caused through the fault of Mrs. Harris and that Vilcan, the truck driver, was free from negligence. Alternatively, it avers that, should it be found that Vilcan was imprudent, then Mrs. Harris was guilty of contributory negligence which bars plaintiff's recovery.

After a trial on these issues, there was judgment below in plaintiff's favor for the amount prayed for in its petition. The defendant has appealed.

The questions involved for our determination are purely ones of fact and, as is usually the case in this type of suit, the evidence submitted by the respective litigants is in a state of hopeless conflict. A reading of the record, however, reveals the following facts.

The accident occurred in the intersection of Foucher and Coliseum Streets, which are two-way, paved thoroughfares, crossing each other at right angles. The Harris car was proceeding on Coliseum Street in the direction of Canal Street. The truck driven by Vilcan was being operated on Foucher Street towards the Mississippi River. It is shown that the vision of the drivers of both vehicles, in approaching the intersection, was obstructed by the presence of a brick wall on Foucher Street, which starts at the uptown lakeside corner of the intersection and runs parallel with Foucher Street for some distance. The vehicles collided at approximately the middle of the intersection where the left front fender and wheel of the Harris car came in contact with the right front fender and wheel of the truck. As a result of the impact, the left front wheel of the Harris car became locked between the right front wheel and bumper of the truck and it was either pulled or dragged with the momentum of the truck a distance, variously estimated at between 50 and 120 feet from the point of contact, past the intersection into the downtown riverside of Foucher Street where the vehicles came to rest. The witnesses, who appeared upon the scene after the accident, say that the point where the vehicles stopped was in front of the property of the Southern Bell Telephone and Telegraph Company; that the truck was facing in the direction of the Mississippi River with its left wheels on the downtown side of the pedestrian walk and its right wheels in the gutter and that the Harris car was alongside of it to the right, in practically a parallel position, with its left front wheel jammed in between the front bumper and right front wheel of the truck.

The only eye-witnesses to the collision were the drivers of the respective vehicles and one Thomas More, a helper on the truck, who was standing in the back portion of it at the time of the accident. It would be useless to discuss the latter's testimony. It is generous to say that he was confused and we entertain grave doubt that he actually witnessed the approach of the vehicles into the intersection.

We also find that the evidence of Mrs. Harris and that of the truck driver Vilcan is most unsatisfactory. Vilcan's statement is that his truck is equipped with a governor which prevents him from obtaining a speed greater than 20 miles per hour; that he had previously made a delivery on Prytania Street and was proceeding out Foucher Street towards Coliseum Street at a slow speed; that, as he was approaching the intersection, he could not see to his right into Coliseum Street due to the presence of the large brick wall paralleling Foucher Street, which obstructed his vision; that he slowed down to approximately 10 or 12 miles per hour and that he had gotten into the crossing when, suddenly, the Harris car appeared upon the scene and struck his right front fender. He declares that he did not see the Harris car prior to the impact; that, upon discovering the presence of the automobile about to collide with him, he swerved a little to his left; that Mrs. Harris swerved to her right and that, after the vehicles came together, they were carried across the intersection into Foucher Street by the momentum of the truck. He admits that, at no time, did he put on his brakes and does not pretend that he exercised any lookout whatsoever. In truth, a mere reading of his statement plainly discloses his negligence.

Mrs. Harris testifies that she lives on Coliseum Street approximately one block from where the accident took place; that she had just left her home; that she was driving at a very slow rate of speed and that she was still in second gear when she approached the Foucher Street intersection. She further declares that, before she got to the corner, she slowed down and looked both ways for traffic on Foucher Street; that she always does that when she comes to any corner; that, when she looked to the left, she saw the truck, traveling at a fast rate of speed in Foucher Street about a half block from the corner; that, at that time, she was driving at approximately five miles per hour; that she blew her horn and that she had nearly gotten across the intersection when the truck hit her automobile on the left side. She also says that there were two men in the front seat of the truck; that it seemed to her that the driver was not paying

any attention at all and that, while he was looking in the direction in which he was traveling, he was not looking at her car.

An analysis of the statement of Mrs. Harris in connection with the physical facts of the case makes it plain that the accident could not have occurred in the manner she describes. Photographs of the colliding vehicles, in their damaged condition, taken shortly after the accident, clearly reveal that the left front wheel and fender of the Harris car came in direct contact with the right front wheel and fender of the truck. It is true that these pictures exhibit damage to the Harris car which extends over its entire left side. But this damage is explained by the fact that it was inflicted immediately following the primary impact of the front wheels of the vehicles. It is shown that, when the Harris car collided with the truck, it was pulled towards the riverside of Foucher Street (or in the direction in which the truck was traveling). It was at that time that the right side of the truck came in contact with the left side of the automobile. In other words, it is obvious to us that Mrs. Harris, when she was confronted with the presence of the truck in the roadway, attempted to swerve to her right in order to avoid the collision and that, before she could do so, her left front wheel contacted the right front wheel and fender of the truck.

We also experience difficulty in believing Mrs. Harris' testimony to the effect that her car was struck on the left side at a time when she was almost across the intersection. This statement cannot be reconciled with the physical facts of the case. It has been established to our satisfaction, by the statements of witnesses who arrived on the scene after the accident and by the photographs of the damaged vehicles, that the accident occurred at a point very near the center of the crossing.

On the other hand, if we accept the statement of Mrs. Harris that she approached the intersection at 5 miles per hour in second gear and that she looked and saw this heavy truck coming at a fast rate of speed, it seems manifest that she was guilty of negligence in not bringing her car to a stop before she entered the intersection. She says that, when she first saw this truck, it was about a half block from her; that it was traveling at a high rate of speed and that the driver was not exercising a proper lookout. Under such circumstances, she was not authorized to take the chance of proceeding slowly over the crossing when she knew, or should have realized, that, to do so, would place her in a position of danger. It is true that she had the right-of-way, since the truck was approaching from her left, but, in spite of her privilege, she was not justified in proceeding into the crossing when she was fully acquainted with the fact that the driver of the truck was speeding into the intersection without paying any attention whatsoever.

A careful reading of the record has convinced us that both parties to the collision were guilty of gross negligence and that they approached this blind corner without having their vehicles under control and without exercising a proper lookout. Under such circumstances, each must bear the consequences of his own fault.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the plaintiff's suit be and it is dismissed at its cost.

Reversed.